(67 App. Div. 166.)

AUSTEN et al. v. RICHARDSON et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

MORTGAGE—INNOCENT HOLDERS—FRAUD IN PROCURING EXECUTION—NEGLIGENCE OF MORTGAGOR.

Where plaintiffs furnished money to an attorney, which he used in clearing up incumbrances on certain property, title to which had been taken by defendants, and defendants executed a mortgage thereon, together with a bond, at the request of and for the accommodation of the attorney, defendants were liable on the bond and mortgage, having enabled the attorney to give the same to plaintiffs, who had advanced the money.

Appeal from special term, Queens county.

Suit by Peter Austen and others, as trustees of the estate and under the will of Elizabeth A. Austen, deceased, against Edward Richardson and others. From a decree in favor of plaintiffs, defendants Edward Richardson and Mary Jane Richardson appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alfred B. Cruikshank, for appellants.

J. Alexander Stitt, for respondents.

WOODWARD, J. This action was brought to foreclose a mortgage made by Edward Richardson and Mary Jane Richardson, his

wife, to secure the $4,000 bond of said Edward Richardson, both of which instruments are dated and acknowledged March 31, 1887. The plaintiffs alleged and proved the facts necessary to establish their right to a judgment of foreclosure and sale, and the defendants, who alleged that "neither of these defendants ever executed, acknowledged, or delivered the said alleged bond and mortgage, or the alleged deed in said complaint set forth, and never knew of the existence thereof until the commencement of this action; and that if their signatures, or the signature of either of them, are appended to said papers, the same were procured without any consideration, through fraud, trick, and artifice practiced upon them, in some way or manner to these defendants unknown, by the defendant John H. Montgomery, who at the time was the agent and attorney, as these defendants are informed and believe, of the mortgagees in said complaint mentioned, without any knowledge or information upon the part of these defendants, or either of them, as to the true character of the paper or papers so signed, or that the same in any way affected the said premises,"—have failed to establish to the satisfaction of the court at special term the facts so alleged in defense. Judgment in favor of the plaintiffs was rendered by the court at special term, and appeal comes to this court.

"The issues in the case, important as they certainly appear to be," to quote the language of the court in Marden v. Dorthy, 160 N. Y. 39, 44, 54 N. E. 726, 46 L. R. A. 694, 696, "were all issues of fact, and presented nothing but questions of fact for trial," and the learned court at special term has found the facts in favor of the plaintiffs. While the appellants urge with great earnestness that they have been the victims of the fraud or trickery of one John H. Montgomery, and that they have no recollection of executing and delivering the bond and mortgage in question, the evidence does not support them in this contention. The evidence clearly establishes that the appellants did execute and deliver the bond and mortgage in question, and that the plaintiffs furnished $4,000 to the said John H. Montgomery, who made use of at least $3,000 in discharging prior incumbrances upon the property upon which the mortgage was given, so that there was a consideration, to this extent at least, for the bond and mortgage. The appellants have not urged that there was a partial failure of consideration. The theory of their defense is that the bond and mortgage were secured through trickery, that they did not know of the execution and delivery of these papers, and that there was no consideration. A careful following of the case convinces us that the learned court at special term was fully justified in the conclusion that "the probative force of the certificates of the acknowledgment of the execution of the bond and mortgage is not overcome by the testimony of these defendants, which, at best, is indirect, of doubtful character, and that of interested witnesses"; citing sections 935, 936, Code Civ. Proc., and Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427. It appears quite probable that "the defendants were negligent and confiding," as admitted by their counsel, and that Edward Richardson took the title to the property involved in this action as an

accommodation to Montgomery, giving the bond and mortgage in question; but, having thus enabled Montgomery to give the bond and mortgage to the parties who had advanced the money, the appellants cannot now be heard to say that they are absolved from carrying out their contract. There is no doubt that Richardson took the title to the property. There is no doubt that the money of the plaintiffs, at least to the extent of $3,000, was paid to remove prior incumbrances, and to give Richardson a full title to the property. If he was negligent, as the owner of the property, giving a bond and mortgage to the plaintiffs, he is in no position to contest their validity as against the innocent holders of these securities. He is within the rule which provides that, when one of two innocent persons must suffer from the act of a third person, he shall sustain the loss who has enabled the third person to do the injury. Timpson v. Allen, 149 N. Y. 513, 520, 44 N. E. 171. It is not seriously disputed that Richardson did take the title and give the bond and mortgage in question at the request of Montgomery, and for the accommodation of the latter. The plaintiffs paid the full consideration. At least $3,000 of this consideration was paid to clear up incumbrances upon the property standing in the name of Richardson, and, the latter having issued the bond and mortgage at the request of Montgomery, it would be most inequitable to hold that the plaintiffs were not entitled to avail themselves of their remedy under the bond and mortgage.

The evidence fully sustains the conclusion of the special term, and the judgment should be affirmed, with costs. All concur.